# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| CHRISTOPHER A.,<br>  Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of the<br>Social Security Administration,<br>  Defendant. | )<br>)<br>)<br>)   CAUSE NO.: 2:20-CV-248-JVB<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

Plaintiff Christopher A. seeks judicial review of the Social Security Commissioner's decision denying his application for supplemental security income and asks this Court to reverse that decision and remand this matter to the agency for further administrative proceedings. For the reasons below, this Court reverses the Administrative Law Judge's decision and remands this matter for further administrative proceedings.

## PROCEDURAL BACKGROUND

In Plaintiff's October 27, 2016 application for benefits, he alleged that he became disabled on December 13, 2011. After a February 12, 2019 hearing, the Administrative Law Judge (ALJ) found that Plaintiff suffered from the severe impairments of degenerative disc disease of the cervical, lumbar, and thoracic spine; obesity; chronic obstructive pulmonary disease; status-post left upper lung resection; and anxiety disorder. (AR 12). The ALJ determined that Plaintiff had

> the residual functional capacity [RFC] to perform light work . . . except that the claimant can occasionally climb ladders, ropes, scaffolds, ramps, and stairs; and occasionally kneel, crouch, and crawl but frequently balance or stoop. The claimant must avoid even moderate exposure to humidity[] and fumes, odors, dust, gases, and pulmonary irritants. The claimant must avoid even moderate exposure to hazards, including unprotected heights and moving machinery. The claimant can occasionally reach overhead; and frequently handle and finger bilaterally. The claimant can understand, remember, and carryout simple, routine, and unskilled tasks; and can maintain adequate attention and concentration for such tasks. The

claimant can interact appropriately but on a superficial basis with coworkers and supervisors. The claimant can handle brief and superficial interaction with the general public. The claimant requires work free of fast-paced production or quotas but can otherwise manage the changes in an unskilled work setting.

(AR 15). The ALJ found that, in light of Plaintiff's RFC, Plaintiff was unable to perform his past relevant work. However, the ALJ found that Plaintiff was able to perform the representative occupations of routing clerk, garment sorter, and cafeteria attendant. Accordingly, the ALJ found Plaintiff to be not disabled from October 27, 2016, through May 1, 2019, which is the date of the ALJ's decision. This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether [he] can perform [his] past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

2

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff argues that the Appeals Council erred in assessing his physical RFC, his mental RFC, and his subjective symptoms.

### A. Physical RFC

First, Plaintiff maintains that the ALJ did not provide a narrative discussion explaining how she found that Plaintiff could perform a limited range of light work.

Plaintiff argues that the ALJ found, without explanation, that Plaintiff can stand or walk for six hours in an eight-hour workday despite Plaintiff's testimony of only being able to walk 120 feet without having back pain. The Commissioner responds that the opinions of the state agency physicians support the ALJ's findings and there was no opinion of a greater limitation.

The Commissioner's argument is not persuasive. The ALJ gave only little weight to the state agency physician opinions, so there is no logical bridge leading from that evidence—and the little weight afforded it—to the ALJ's conclusion. The consultative examining physician found that Plaintiff has poor stamina, had to stop during exam maneuvers, appeared short of breath, and appeared to become easily fatigued. (AR 968). The ALJ appears to discredit Plaintiff's difficulty walking because his oxygen saturation levels did not drop with ambulation, *see* (AR 18), but, as the ALJ reported, a doctor noted in November 2016 that Plaintiff became short of breath while walking hallways, which was possibly related to weight and deconditioning and not oxygen saturation levels. (AR 16). The shortness of breath does not have to be due to oxygen saturation levels to have an effect on Plaintiff's RFC. Given Plaintiff's testimony regarding his inability to walk long distances, the consulting opinion of poor stamina, and a physician verifying Plaintiff's

3

difficulty walking as a matter not connected to his oxygen saturation levels, the ALJ's discussion of Plaintiff's ability to walk is insufficient to support the ALJ's conclusion that Plaintiff can walk 6 out of 8 hours in a work day. Remand is required on this point.

Plaintiff also argues that evidence of record shows that Plaintiff testified to being able to lift and carry only 10 pounds, the state agency doctors opined that he could lift and carry up to 50 pounds, and the ALJ, without explanation, set Plaintiff's RFC at the ability to lift and carry 20 pounds. The Court agrees that the ALJ erred by not explaining how this conclusion was reached.

Next, Plaintiff contends that the ALJ did not discuss the evidentiary basis for her finding that he could frequently handle and finger bilaterally. The Commissioner counters that substantial evidence supports the ALJ's finding and that no medical opinion pointed to a greater limitation.

The ALJ noted that Plaintiff testified to numbness in his right hand if his arm hangs down, difficulty opening jars, and trouble using his right arm due to a pinched nerve in his neck but also testified to being able to turn doorknobs and button clothing. (AR 15-16, 18). The ALJ also reported a doctor's finding that Plaintiff had normal grip strength but his ability to pick up coins was delayed secondary to back pain. (AR 17). The ALJ gave little weight to the state agency consultants' opinions in part because Plaintiff "has manipulative limitations because of slowed fine motor activity due to his back pain as well as pain and numbness in his hands due to a pinched nerve in his neck." (AR 18). The ALJ also gave little weight to the third party function report of Plaintiff's girlfriend, noting that the girlfriend stated Plaintiff did no chores, but he reported to the consultative psychological examiner that he could prepare food and clean his bedroom. (AR 19).

Thus, the ALJ accepted that Plaintiff has slowed fine motor activity and numbness in his hands, which are results of back pain and a pinched nerve. Despite these conditions, the ALJ found that Plaintiff can "frequently" handle and finger bilaterally, which is defined as activity occurring

up to 2/3 of the workday. SSR 83-10, 1983 WL 312151, *6 (Jan. 1, 1983). This finding is not as bereft of support as the ALJ's finding regarding Plaintiff's ability to walk, but the Court agrees that a more robust discussion of this finding is necessary to provide a logical bridge from the evidence of seemingly significant limitations in the ability to handle and finger and the finding that Plaintiff can perform these activities frequently.

Also, Plaintiff also asserts that the ALJ failed to consider Plaintiff's impairments in combination. The Commissioner responds that Plaintiff has failed to show that his limitations are greater than those found by the ALJ, noting that no medical opinion found greater limitations. On remand, the ALJ is directed to consider Plaintiff's impairments in combination.

### B. Mental RFC

Plaintiff submits that, based on Plaintiff's testimony that he could not pay attention and the psychological consultative examiner's opinion that Plaintiff's ability to concentrate was fair to poor, the ALJ found Plaintiff to have a moderate limitation in concentration, persistence, or pace. The ALJ translated this limitation to an RFC restriction to simple, routine, unskilled tasks with work free from fast-paced production, end-of-day quotas, machine-regulated work, and hourly production requirements.

Plaintiff contends that the RFC restrictions do not account for his limited ability to concentrate. The Commissioner counters that the ALJ's finding is based on the state agency psychologists' opinions, which provided that Plaintiff's moderate limitations led to the specific restrictions in Plaintiff's RFC. The Commissioner also asserts that the consultative psychologist's "vague" statement that Plaintiff had a "fair to poor" ability to concentrate is consistent with the ALJ's finding.

The ALJ gave the state agency psychological consultants' opinions "some" weight, noting that they are "somewhat" consistent with the record. The ALJ noted that Plaintiff has trouble with memory and difficulty concentrating due to anxiety, has social limitations due to anxiety and temper issues, and cannot perform fast-paced production work due to trouble handling stress and changes in routine.

In addition to finding these limitations, however, Plaintiff also argues that the ALJ was obligated to address the vocational expert's testimony regarding time off-task. In *Crump v. Saul*, the Seventh Circuit Court of Appeals determined that a limitation to simple and repetitive tasks was insufficient for a claimant with a moderate limitation in concentration, persistence, and pace where the ALJ presented a hypothetical question to the vocational expert that specifically accounted for concentration difficulties in terms of time off-task and unplanned absences from work. 932 F.3d 567, 570-71 (7th Cir. 2019). Plaintiff asserts that the ALJ here made the same error as in *Crump*. Plaintiff testified that he could not pay attention. Unlike in *Crump*, however, Plaintiff identifies no evidence from a medical professional corroborating Plaintiff's statements of ability to concentrate. Nonetheless, the Commissioner failed to respond to this argument, instead generically identifying evidence that supports the ALJ's finding of a moderate limitation in concentration, persistence, and pace and evidence that Plaintiff had the specific work-related limitations found by the ALJ.

In light of *Crump* and the lack of response from the Commissioner, the Court agrees that the ALJ should have provided an explanation of why the time off-task limitation was excluded.

### C. Subjective Symptoms

Plaintiff argues that the ALJ used boilerplate language to find that his reported subjective symptoms were "not entirely consistent" with the other evidence of record, thus holding his

statements to a higher standard than the prescribed preponderance of the evidence standard. Plaintiff further contends that the ALJ did not properly analyze Plaintiff's subjective symptoms. Use of boilerplate itself is not an issue, provided that the ALJ applies the correct legal standards and renders a decision supported by substantial evidence.

Plaintiff also asserts that the ALJ failed to analyze Plaintiff's claims of pain and did not explain how she considered Plaintiff's treatment for his conditions and limited activities of daily living. The Commissioner states that the ALJ considered Plaintiff's daily activities and found them to be inconsistent with his stated symptoms. The Commissioner also maintains that the ALJ discussed Plaintiff's medical treatment.

Remand is required on other grounds, so, in the interest of judicial economy, the Court need not address all of Plaintiff's arguments. However, the Seventh Circuit Court of Appeals has repeatedly stated that an ability to complete certain activities of daily living does not on its own translate to an ability to work a full-time job. *See Moore v. Colvin*, 743 F.3d 1118, 1126 (7th Cir. 2014); *Hughes v. Astrue*, 705 F.3d 276, 278 (7th Cir. 2013); *Roddy v. Astrue*, 705 F.3d 631, 639 (7th Cir. 2013). An individual's "ability to perform daily activities, especially if they can be done only with significant limitations, does not necessarily translate into an ability to work full-time." *Roddy*, 705 F.3d at 639; *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012). On remand, the ALJ would do well to remember the disconnect between activities of daily living—especially those done with modifications or simplifications to accommodate a claimant's limitations—and full-time work.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 17],

7

**REVERSES** the Commissioner's final decision, and **REMANDS** this matter for further administrative proceedings consistent with this opinion.

SO ORDERED on July 6, 2021.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT